IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 0 5 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-00494-BNB

LAMONT L. WARREN,

       Plaintiff,

v.

NURSE VICTORIA VIGIL,
COMPUTER SPECIALIST MS. LYDE,
LT. (MR.) VIGIL,
UMG MR. LYDE,
CASE MANAGER JANUZS,
C.O. COULSEN,
LT. RIVER,
LT. DIXON,
LT. M. BANULOS,
C.O. TROUTMEN,
LT. BORJA,
C.O. NUCI,
C.O. DAVIS, and
C.O. ROBERTSON,

       Defendants.

---

## ORDER OF DISMISSAL

---

Plaintiff Lamont L. Warren is in the custody of the United States Bureau of

Prisons and currently is incarcerated at the Lewisburg United States Penitentiary in

Lewisburg, Pennsylvania.  On February 28, 2011, Mr. Warren initiated this action by

filing a Complaint.  After complying with Magistrate Judge Boyd N. Boland's Order to

Cure Deficiencies, Mr. Warren was granted leave to proceed pursuant to 28 U.S.C.

§ 1915.  The Court must construe Mr. Warren's Complaint liberally because he is a *pro*

*se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935

F.2d 1106, 1110 (10th Cir. 1991). However, the Court does not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110.

The Court has reviewed the Complaint. For the most part, the claims Mr. Warren asserts were addressed and dismissed by the court in *Warren v. Daniels, et al.*, No. 10-cv-01082-ZLW (D. Colo. Aug. 10, 2010) (unpublished), as legally frivolous. Repetitious litigation of virtually identical causes of action may be dismissed as frivolous or malicious. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (per curiam); *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975) (per curiam). The Court may consult its own records to determine whether a pleading repeats pending or previously litigated claims. *See Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972). The Court has examined its records and is satisfied that the claims asserted against Defendants Ms. Victoria Vigil, Mr. Vigil, Ms. Lyde, Mr. Lyde, C.O. Troutmen, Case Manager Januzs, C.O. Nuci, and Lt. Borja, regarding Mr. Warren's current classification, his disciplinary convictions for inappropriate sexual acts, harassment, threats, and defamation, are repetitive of the claims Mr. Warren asserted in Case No. 10-cv-01082-ZLW.

Furthermore, *res judicata*, or claim preclusion, applies to limit a party from bringing before the Court a matter that has already been addressed. *Res judicata* applies if (1) there was a final judgment on the merits in the earlier action; (2) the parties are identical or in privity in both cases; (3) the cause of action is the same; and (4) the plaintiff had a full and fair opportunity to litigate the claim in the prior suit. *Nwosun v. General Mills Rests.*, 124 F.3d 1255, 1257 (10th Cir. 1997).

There was final judgment on the merits in Case No. 10-cv-01082-ZLW. The cause of action is the same and Mr. Warren had a full and fair opportunity to litigate his claim in the prior suit. Furthermore, although Defendants Ms. Lyde and Nuci were not

named in the previous action, as government employees, they clearly are in privity with the defendants named in the previous action. *United States v. Rogers,* 960 F.2d 1501, 1509 (10th Cir. 1992) ("There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is *res judicata* in relitigation of the same issue between that party and another officer of the government.") (internal quotations and citation omitted); *see also Malek v. Brockbrader,* 190 F. App'x 613, 615 (10th Cir. 2006) (applying *Rogers* to state government defendants in a 42 U.S.C. § 1983 prisoner complaint). The claims, therefore, set forth in Claims One through Seven, and Fourteen as asserted against Defendants Ms. Vigil, Mr. Vigil, Ms. Lyde, Mr. Lyde, Troutmen, Januzs, Borja, and Nuci are repetitious and will be dismissed as legally frivolous.

Although Mr. Warren's property, excessive force, and dry cell placement claims were not raised in Case No. 10-cv-01082-ZLW, the claims, as set forth in Claims Six in part, Eight, Nine, Ten, Eleven, Twelve, and Thirteen, lack merit and will be dismissed for the reasons stated below.

Mr. Warren's due process claims asserted against Defendants Rivers, Dixon, Banulos, and Coulsen for use of excessive force more properly are asserted pursuant to the Eighth Amendment. The core areas entitled to protection pursuant to the Eighth Amendment include food, shelter, sanitation, personal safety, medical care, and adequate clothing. *See Clemmons v. Bohannon,* 956 F.2d 1523, 1527 (10th Cir. 1992). Not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson v. McMillian,* 503 U.S. 1, 9 (1992). "[T]he extent of injury suffered by an inmate is one factor that may suggest whether the use of force could plausibly have been thought necessary in a particular situation." *Wilkins v. Gaddy,* ---- U.S. ----, 130 S. Ct.

3

1175, 1178 (2010) (quoting *Hudson*, 503 U.S. at 7) (internal quotation marks and citation omitted). "An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." *Wilkins*, 130 S. Ct. at 1178 (citations omitted). Nonetheless, "[t]he core judicial inquiry . . . [is] not whether a certain quantum of injury was sustained, but rather whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins*, 130 S. Ct. at 1178 (quoting *Hudson*, 503 U.S. at 7) (internal quotation marks omitted).

Mr. Warren complains that Defendant Coulsen tried to assault him when he pushed Mr. Warren out of the recreation cage and pushed him into his cell causing Mr. Warren to suffer emotional stress. Nothing Mr. Warren asserts against Defendant Coulsen states a claim of excessive force. *See Wilkins*, 130 S. Ct. at 1178. The claim against Defendant Coulsen clearly fails to rise to the level of a constitutional deprivation and will be dismissed as legally frivolous.

As for the acts committed by Defendants Banulos, Rivers, and Dixon, Mr. Warren again asserts only emotional stress as a result of Defendants' actions. He concedes that he was having a "medical issue" when each of these individuals entered his cell and removed him from the cell for medical to staff to assist him. Am. Compl. at 14. Although Mr. Warren claims that he was kicked, choked, and stepped on by Defendants Rivers and Dixon, and dragged in part and lifted up in part to walk from the cell by Defendant Banulos, he does not assert that these acts were done maliciously and sadistically. Furthermore, even though Mr. Warren contends Defendant Rivers stated at the time of the incident that there had better be something wrong with him or he will

4

wish he was dead if nothing was wrong, Mr. Warren does not assert that the physical acts by Defendant Rivers and Dixon were purposely done or were no more than a response by Defendants in their attempt to assist him with his medical issue. Mr. Warren, therefore, fails to assert an Eighth Amendment claim with respect to the incidents that allegedly took place on May 28, 2010, and June 7, 2010, involving Defendants Rivers, Dixon, Banulos, and Coulsen.

Because the prison provides an administrative remedy to challenge the destruction of his property, Mr. Warren cannot assert a constitutional claim for the intentional deprivation of his property. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (explaining an intentional deprivation of property does not constitute a violation of the Due Process Clause "if a meaningful postdeprivation remedy for the loss is available"). Moreover, Mr. Warren cannot assert a claim for any negligent acts on the part of prison officials because such acts do not implicate the Due Process Clause. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986) (concluding the Due Process Clause is "not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property"). Therefore, Mr. Warren's property claims are legally frivolous.

Finally, Mr. Warren's dry cell placement claim as asserted against Defendants Davis and Robertson is without merit. Mr. Warren does not assert that he complained to Defendants Davis and Robertson regarding the conditions of the dry cell and they refused to correct the conditions. Nor does he assert that Defendants Davis and Robertson knew about the conditions of the dry cell when they placed him in the cell. Mr. Warren's claims against Defendants Davis and Robertson, therefore, do not state that they were responsible for violating his constitutional rights. Accordingly, it is

ORDERED that the Complaint and action are dismissed with prejudice as legally

frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) for the above stated reasons.

DATED at Denver, Colorado, this __5th__ day of _____May_____, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Judge
UNITED STATES DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  11-cv-00494-BNB

Lamont L. Warren
Reg. No. 11245-007
USP - Lewisburg
PO Box 1000
Lewisburg, PA 17837

I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on May 5, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
                    Deputy Clerk